UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

Charles L. Nail, Jr.
Bankruptcy Judge



_____

Federal Building and United States Post Office            Telephone: (605) 945-4490
225 South Pierre Street, Room 211                              Fax: (605) 945-4491
Pierre, South Dakota  57501-2463

November 27, 2007

John S. Lovald
Chapter 7 Trustee
Post Office Box 66
Pierre, South Dakota  57501

Murl L. Woods, Esq.
Attorney for Black Hills Chiropractic
Post Office Box 2171
Rapid City, South Dakota  57709

      Subject:    ***In re Mark Paul Huffman and Kim Marie Huffman***
                   Chapter 7, Bankr. No. 06-50096

Dear Trustee Lovald and Ms. Woods:

      The matter before the Court is Trustee John S. Lovald's Final Report and Proposed Distribution.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, Black Hills Chiropractic's objection to Trustee Lovald's proposed distribution will be overruled.

      *Summary*.  Mark Paul Huffman and Kim Marie Huffman ("Debtors") filed a joint chapter 7 petition on May 26, 2006.  On their statement of financial affairs, they did not list any property they had transferred to another as security or otherwise within two years of their petition.  Debtors amended their schedules and their mailing list of creditors on June 22, 2006 to add Black Hills Chiropractic as a creditor.  They did not amend their statement of financial affairs to acknowledge any transfer of an interest in property to Black Hills Chiropractic.  The Bankruptcy Clerk of Court served the Notice of Commencement of Case on Black Hills Chiropractic on June 24, 2006.

      On June 26, 2006, Sarah Turner, Black Hills Chiropractic's office manager, wrote Trustee Lovald and copied Christopher J. Baumann, Debtors' bankruptcy counsel, and "Bob Moore," the attorney who had been handling Debtor Kim Huffman's claim for injuries suffered in a pre-petition accident, on her letter.  Ms. Turner advised Trustee Lovald she was enclosing a copy of a "lien" signed by Debtor Kim Huffman

Re: *Mark Paul Huffman and Kim Marie Huffman*
November 27, 2007
Page 2

and said Black Hills Chiropractic held a "subrogated health care claim."

On July 13, 2006, Debtors filed amendments to their schedule of personal property and their schedule of property claimed exempt, adding a "Personal Injury Settlement from auto accident May 2005 (estimated)[.]"  They valued the settlement at $3,729.89 and declared that value exempt.  Debtors served notice of the amendments on Black Hills Chiropractic.  They did not amend their statement of financial affairs to disclose any transfer of an interest in the personal injury claim to Black Hills Chiropractic.  Trustee Lovald timely objected to Debtors' claimed exemptions because of an existing child support delinquency.  No other party in interest timely objected to Debtors' claimed exemptions, and the Court sustained Trustee Lovald's objection.

On August 7, 2006, Dr. Gregory S. Gruba from Black Hills Chiropractic wrote Trustee Lovald.  He, too, said Black Hills Chiropractic held a lien and a subrogated health care claim and stated, "We firmly believe our status as a subrogated claim holder alone is enough to not allow our debt to be discharged."  Trustee Lovald replied to Dr. Gruba on August 10, 2006.  He advisd Dr. Gruba any objection to Debtors' discharge would have to be addressed to this Court.  He also advised Dr. Gruba the deadline to do so was September 19, 2006, and an adversary complaint would be required.  Trustee Lovald also suggested Dr. Gruba retain an attorney.

Black Hills Chiropractic did not file a complaint to determine the dischargeability of its claim. The Court granted Debtors a discharge on September 20, 2006.  The Bankruptcy Clerk of Court served a copy of the order discharging Debtors on Black Hills Chiropractic.

On September 14, 2006, Trustee Lovald filed an application to employ attorneys Dean Faust and Robert Moore to "complete prosecution of a personal injury claim pending on the date the bankruptcy was filed."  The application proposed to compensate the special estate counsel through a contingency fee arrangement based on the "total gross amount recovered from the party or parties responsible for the injuries and damages sustained," plus any costs advanced.  No party in interest timely objected to Trustee Lovald's application, and the Court approved Trustee Lovald's employment of Attorneys Faust and Moore.

On January 29, 2007, Trustee Lovald filed a Motion to Approve Settlement of Litigation Claim.  Therein, he requested Court approval of a proposed settlement of the personal injury claim for $33,000.00.  Black Hills Chiropractic received notice of Trustee Lovald's motion but did not object to it.  The Court approved Trustee Lovald's

Re: *Mark Paul Huffman and Kim Marie Huffman*
November 27, 2007
Page 3

proposed settlement by order entered March 12, 2007.

Attendant to the settlement motion, Trustee Lovald filed an application to pay Attorneys Faust and Moore their contingent fee and their expenses. Black Hills Chiropractic received notice of the application but did not object to it. The Court awarded Attorneys Faust and Moore $9,063.66 by order entered March 14, 2007.

Black Hills Chiropractic filed a proof of claim for $2,933.62 on April 16, 2007. In one section of the proof of claim form, Black Hills Chiropractic described its claim as secured by an unspecified assignment. In another section, it described its claim as unsecured.

On May 31, 2007, Trustee Lovald filed his Final Report and Proposed Distribution, in which he stated he had $23,960.26 to distribute. Of that sum, he proposed to pay $19,907.87 for back child support (a priority claim under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005) and the balance to himself for his fees and expenses. Trustee Lovald did not propose any distribution to general unsecured creditors.

On June 5, 2007, Black Hills Chiropractic filed an objection to the trustee's proposed distribution. It stated Debtor Kim Huffman had signed an

> Irrevocable Assignment, Lien and Authorization of Insurance Benefits to [Black Hills Chiropractic], to cover the amount owed for the Debtor's medical treatment by [Black Hills Chiropractic]. In addition to assigning monies owed to [Black Hills Chiropractic]..., the assignment also assigned and transferred the Debtor's rights to any causes of actions that she had or existed against the insurance carrier to [Black Hills Chiropractic.] It allowed for [Black Hills Chiropractic] to pursue such claims on the Debtor's behalf for the amounts owed [Black Hills Chiropractic] for her treatment, as well as compromise, settle or resolve any such claim or cause of action as [Black Hills Chiropractic] saw fit.

Black Hills Chiropractic argued $2,933.62 of the personal injury settlement proceeds thus belonged to it, not the bankruptcy estate, and "should have been paid directly to [it]."

Both parties briefed the issue, and the matter was taken under advisement. In a nutshell, Trustee Lovald argued Black Hills Chiropractic should have raised earlier in the case any argument that it held an ownership interest in the settlement proceeds

Re:  *Mark Paul Huffman and Kim Marie Huffman*
November 27, 2007
Page 4

and that at best it held an unperfected lien that was inferior to the bankruptcy estate's interests in those proceeds.  Black Hills Chiropractic reiterated its position that a portion of the settlement proceeds equal to its claim was not property of the estate by virtue of the purported pre-petition assignment.

*Discussion*.  Regardless of whether Trustee Lovald's "timeliness" argument is couched in terms of judicial estoppel or laches, the record clearly and convincingly establishes both equitable doctrines apply in this case.  *See Selway Homeowners Assoc. v. Cummings*, 657 N.W.2d 307, 315 (S.D. 2003) (cited in *Metz Farms v. Fisher Sand & Gravel Co.*, 2006 WL 1047067, at *5 (D.S.D. Apr. 17, 2006) (Simko, Magistrate J.)(entitlement to equitable relief must be proven by clear and convincing evidence).  Under judicial estoppel, a party is bound by his judicial declarations and may not contradict them in a subsequent proceeding involving the same issues and parties.  *Table Steaks v. First Premier Bank, N.A.*, 650 N.W.2d 829, 837 (S.D. 2002) (citing Black's Law Dictionary 848 (6th ed. 1990)); *see Canyon Lake Park, L.L.C. v. Loftus Dental, P.C.*, 700 N.W.2d 729, 738 (S.D. 2005); *Harms v. Northland Ford Dealers*, 602 N.W.2d 58, 62 (S.D. 1999).  The doctrine of laches applies when a party, notwithstanding the party's full knowledge of the facts, unreasonably delays asserting an interest, and allowing the party to assert that interest now would prejudice others.  *Burch v. Bricker*, 724 N.W.2d 604, 608 (S.D. 2006); *Conway v. Conway*, 487 N.W.2d 21, 24 (S.D.1992); and *Golden v. Oahe Enterprises, Inc.*, 240 N.W.2d 102, 110 (S.D.1976).  There must be more than just the mere passage of time for prejudice to be found.  *Burch,* 724 N.W.2d at 609 (quoting therein *Conway v. Conway*, 487 N.W.2d 21, 25 (S.D.1992) (citing *Golden v. Oahe Enterprises, Inc.*, 240 N.W.2d 102, 110 (S.D.1976))).  The facts presented must show the party acted, declared, or made a statement that in some manner has misled another party to his prejudice.  *Burch*, 724 N.W.2d at 609 (citations therein).

The time for Black Hills Chiropractic to argue a portion of the personal injury proceeds was not property of the estate was much earlier in the case.  In its correspondence to Trustee Lovald, Black Hills Chiropractic claimed a lien against the personal injury claim, not an ownership interest in that claim.  It later filed a proof of claim in the case, thus reaffirming its status as a creditor, not a co-owner of the personal injury claim.  It took no action under Fed.R.Bankr.P. 7001 to preserve or protect any ownership interest in the personal injury claim, despite Debtors' initial failure to disclose any transfer of an interest in that claim in their statement of financial affairs and their subsequent failure to disclose any such transfer in their amended schedules B and C.  Finally, and most significantly, it did not object to Trustee Lovald's proposed settlement of the personal injury claim, which made no mention of or any provision for Black Hills Chiropractic's claimed interest in the

Re:  *Mark Paul Huffman and Kim Marie Huffman*
November 27, 2007
Page 5

proceeds.  The March 12, 2007 order approving Trustee Lovald's proposed settlement has long been final.

Until Black Hills Chiropractic filed its objection to Trustee Lovald's proposed distribution, the record indicated Black Hills Chiropractic was asserting a claim *against* an asset of the bankruptcy estate, not that Black Hills Chiropractic believed it actually owned a portion of that asset.  Black Hills Chiropractic's use of the term "assignment" on its proof of claim did not, by itself, suggest otherwise, since the assignment was delineated as collateral for a claim against the bankruptcy estate.  Accordingly, in light of Black Hills Chiropractic's previously unvarying position that it was a creditor in this case, not a co-owner of the personal injury claim, and in light of the finality of the order approving Trustee Lovald's proposed settlement of that claim, the Court will not go behind the settlement order and now declare $2,933.62 of the settlement proceeds belongs to Black Hills Chiropractic.

Had Black Hills Chiropractic asserted it was a co-owner of the personal injury claim when Debtors first brought it into the case, the issue could have been addressed at a more appropriate juncture.  If Black Hills Chiropractic had been successful in claiming co-ownership of the settlement proceeds, it would then have been a party to the settlement process and could have been required to share some of the attendant legal fees.  Armed with knowledge of Black Hills Chiropractic's claimed interest in the settlement proceeds, Trustee Lovald might have been unwilling to settle for the same amount or perhaps even to settle at all.  While Trustee Lovald's proposed distribution could be recalculated, any such recalculation would be to the notable prejudice, both in terms of time and money, of the priority child support creditor, who played no role in Black Hills Chiropractic's delay in asserting an ownership interest in the settlement funds.

Accordingly, Black Hills Chiropractic's assertion of an ownership interest in the settlement funds was untimely.  Its objection to Trustee Lovald's proposed distribution based on that untimely assertion will be overruled.  The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

CLN:sh

This order/judgment was entered on the date shown above.

cc:   case file (docket original; serve parties in interest)

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota